UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERICA SCHERTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CV 1780 RWS |
| | ) | |
| SAFECO INS. CO. OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This newly-removed case is before me on plaintiff's motion for remand. Plaintiff filed this action against her defendant insurance carrier's underinsured motorist policy after sustaining personal injuries from a motor vehicle accident. Although plaintiff's petition alleges that she has surgical expenses exceeding $75,000, her petition prays for damages "not in excess of $75,000." Defendants removed this action to this Court on June 22, 2017, alleging diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff now moves to remand this action to state court on the ground that the minimum amount in controversy does not exceed $75,000. In support of remand, plaintiff relies on her prayer for damages and a stipulation signed only by her attorney stating that "the amount in controversy . . . is not in excess of $75,000.00." [9]. Defendant opposes remand on the grounds that a party's prayer for relief is not binding and that plaintiff herself did not sign a

stipulation stating that she would neither seek nor accept more than $75,000 in full satisfaction for her claim.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).

In removal cases, the district court reviews the state court petition pending at the time of removal to determine the existence of subject matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" *Id.*

Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000." 28 U.S.C. § 1332(a). When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. 28 U.S.C. § 1446(c)(2)(a). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted *when not contested by the plaintiff or questioned by the court*." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (U.S. Dec. 15, 2014) (emphasis supplied). "Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when . . . the court questions the defendant's allegation." *Id.* at 554. When a court makes a factual inquiry into the amount in controversy issue, "the court can consider the plaintiff's pre- and post- removal settlement offers, refusals to settle, allegations of serious injuries in the pleadings, and post-removal stipulations, as long as the stipulation can be considered as *clarifying* rather than amending an original pleading." *Jackson v. Fitness Resource Group, Inc.*, No. 4:12CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (emphasis in original) (internal quotation marks and citation omitted).

While the Court would consider a proper clarifying stipulation from plaintiff as evidence regarding the amount in controversy – especially in a case such as this where the plaintiff's allegation of damages seems inconsistent with her prayer for damages – the current stipulation filed in this case [9] does not qualify as such

3

evidence because it is not signed by the plaintiff and does not state that she does not seek, will not ask for, or accept an amount in damages in excess of $75,000 exclusive of interest and costs. *See Slavin v. State Farm Mut. Auto. Ins. Co.*, 4:05CV1968 MLM, 2005 WL 3274337, at *3 (E. D. Mo. Dec. 2, 2005). However, the Court will provide the plaintiff with an opportunity to supplement her motion for remand with an appropriate stipulation regarding the amount in controversy should plaintiff choose to file one. For plaintiff's reference, defendant has cited to stipulations deemed sufficient from the Eastern and Western Districts of Missouri. If plaintiff does not file a supplemental stipulation by July 31, 2017, the motion for remand will be denied for the reasons set out in this Memorandum and Order and in defendant's opposition to remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall either file a supplemental stipulation in support of remand by no later than **July 31, 2017**, or the motion for remand [8] will be denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of July, 2017.